# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>CHARLES VURTUS RICE,<br><br>    Debtor. | Case No. 05-13085-RGM<br>(Chapter 11) |
| THE CADLE COMPANY II, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR CONSTRUCTION &<br>CONTRACTING, INC.,<br><br>    Defendant. | Adversary Proceeding No. 06-1177 |

## MEMORANDUM OPINION

THIS CASE was before the court on the motion of Union Bank and Trust Company to quash a memorandum of lis pendens. The Cadle Company obtained a judgment against Charles Vurtus Rice in state court prior to the filing of the petition in bankruptcy in this case. It thereafter, in an effort to enforce the judgment, sought to pierce the corporate veil of Superior Construction & Contracting, Inc., and thereby establish that it held a lien against certain real estate ostensibly standing in the name of Superior Construction & Contracting, Inc. Union Bank which recorded a subordinate blanket deed of trust against the property after the filing of the memorandum of lis pendens and has yet to advance new funds against the deed of trust requests that the memorandum of lis pendens be quashed.[1]

---

[1] The deed of trust also cross-collaterizes pre-existing debt of Charles Rice.

1

At first blush, Union Bank's motion appears futile. A party with actual knowledge of the pendency of litigation is bound by the outcome of that litigation without regard to whether a memorandum of lis pendens has been filed. Union Bank admittedly had notice of the pendency of the litigation prior to the recordation of its subordinate deed of trust. One condition for approval of the deed of trust was release of the lis pendens itself. Consequently, whether the lis pendens is allowed to remain of record or is quashed appears to be a matter of indifference to Union Bank because it is bound by the litigation by its actual knowledge of it.

When the court inquired of Union Bank as to its objective in this matter, it acknowledged that it was seeking to put itself in the same position by quashing the lis pendens that it would have been had it recorded its subordinate deed of trust without knowledge of the pendency of the litigation. It seeks to do this by keeping the litigation secret from all potential purchasers at a foreclosure sale of its subordinate deed of trust. Thus, although it is bound by the litigation, it asserts that a purchaser at its foreclosure sale would take free and clear of the outcome of the litigation. This is a clever argument with a curious result. It permits a party, Union Bank, which is clearly bound by the pending litigation to avoid the burden of its knowledge. The court does not address the issue of whether the result that Union Bank is endeavoring to accomplish can be accomplished.

Union Bank asserts that the lis pendens is improper because it seeks to impose a pre-judgment attachment against the property.[2] The bank is quite correct that a memorandum of lis pendens may only be used if an interest in property is involved. It is not a substitute for a pre-judgment attachment. Pre-judgment attachments must satisfy certain due process requirements such

---

[2] It also argues more generally that a lis pendens is not available if the object of a suit is only a money judgment or if the property itself is not the object of the suit.

as notice and a hearing before they can attach. In addition, the Virginia statutory scheme requires that a bond be posted before an attachment is effective.

A memorandum of lis pendens on the other hand merely seeks to retain the status quo of the property pending litigation by assuring that all parties who deal with the property are bound by the outcome of the suit and take subject to it. When a party is seeking a remedy against a particular piece of property, the defendant may attempt to transfer the property in whole or in part or to encumber it (as was done in this case) pending the outcome of the determination of the issue. If the plaintiff is successful, he then must file a second suit against the new party, in this case, the bank which took a subordinate trust or its as yet hypothetical foreclosure purchaser. This could go on indefinitely, and the party seeking to establish his interest in the property could ultimately fail, not because his case lacks merit, but because the defendant is clever enough to avoid the consequences of an adverse judgment. Court procedures ought to prevent the administration of justice from being manipulated in such a manner. In fact, the common law has long done so. At common law, a party with knowledge of litigation involving property is bound by the outcome of the litigation.

Over the years, and in different jurisdictions, various rules have applied. The original rule was that anyone dealing with property was bound by all suits pending at the time of the conveyance. Thus, a prospective buyer or lender was required to search not only the land records to determine the status of the title, but also all pending suits. Any suit could involve the property in question so all had to be reviewed. This was a very burdensome obligation on the part of a prospective purchaser and today unduly hinders the sale of real property. The rule in some jurisdictions has been limited to bind only those parties who have actual knowledge of the pending litigation. This greatly diminishes the ability of a successful plaintiff to obtain the fruits of his litigation since most

litigation today is not publicized. The Virginia statute is a typical compromise. It follows common law in that a pending lawsuit binds all parties with knowledge of the lawsuit. But, knowledge of the lawsuit is imputed to all parties from and after the filing of a memorandum of lis pendens in the land records in the county or city in which the real estate is situate. Thus, any prospective purchaser or lender who searches the land records will have actual knowledge of any pending litigation if a memorandum of lis pendens has been filed and constructive notice if he does not search the land records. (He may have actual knowledge from other sources if a memorandum of lis pendens is not filed.)

The purpose of the suit, however, must relate to an interest in the property. Of course, when a plaintiff files his suit the defendant generally denies that the plaintiff has any interest in the property. Only when the final judgment is entered is the interest in the property firmly established. The Virginia statute was amended in 1988 to make clear that it applies only when an interest in land is involved in the litigation, and not when the object is only to obtain a money judgment.[3] The statute recognizes that the interest needs to be adjudicated. It states:

> No memorandum of lis pendens shall be filed unless the action on which the lis pendens is based *seeks to establish* an interest by the filing party in the real property described in the memorandum.

Code of Virginia (1950) §8.01-268(B) (emphasis added).

It is noteworthy that the statute uses the phrase "seeks to establish". It recognizes that the interest may not have been finally adjudicated and may be uncertain. The point is simply to maintain the status quo with respect to the property until that adjudication is made. This does not

---

[3]In the latter event, the plaintiff must utilize a writ of attachment to obtain a pre-judgment lien on property.

include establishing a judgment lien, which is an entirely different subject. *See* Code of Virginia (1950) §8.01-533 et seq.

In this case, the Cadle Company clearly falls within the statute. It is not seeking a judgment. It already has one. If it is successful in piercing the corporate veil, the judgment will attach to the property. Although there is no case precisely on point, the judgment lien may already have attached. In a case where a fraudulent conveyance is asserted, which is analogous to piercing the corporate veil, a lien actually attaches to the fraudulently conveyed property when the judgment is rendered even though the property does not ostensibly stand in the judgment debtor's name. *Tucker v. Foster*, 154 Va. 182, 153 S.E. 376 (1930). *Tucker* stated:

> [I]n Virginia a judgment is a lien from the time it is rendered upon all the real estate then owned by the debtor in his own name and *also* upon all the real estate which he may have theretofore fraudulently conveyed to others in fraud of the judgment creditor and his debt; and ***a judgment creditor's bill to subject the several parcels of land fraudulently conveyed to the payment of the judgment debt is not a bill to acquire liens on such parcels of land, but a bill to enforce an existing lien***, which is a lien not merely upon one or more of the parcels, but upon all of them.

*Tucker v. Foster,* 154 Va. at 195, 152 S.E. at 380 (citations omitted; emphasis added).

The Cadle Company is seeking to establish its interest in the real property in question. It is not seeking a general judgment which would attach to all of Rice's property. It is not seeking to show that the assets of any other corporation which Rice may also have misused are subject to this judgment. The focus of this law suit is clear and defined. It is directed toward the property described in the memorandum of lis pendens and only that property. The issue is the scope of the existing judgment lien. The object is to adjudicate that Cadle's existing judgment lien attaches to the property described in the memorandum of lis pendens. The judgment has already been granted

5

and it is now a matter of execution. The Cadle Company merely wants to preserve the status quo until the litigation is concluded.

The motion will be denied.

Alexandria, Virginia
December 19, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Richard Lash
Bruce W. Henry
Michael A. Condyles

13311